IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WILLIAM LAWRENCE,    :    Civil No. 3:25-cv-1052
                              :
              Petitioner      :    (Judge Mariani)
                              :
       v.                     :
                              :
SUPERINTENDENT RIVELLO, *et al.*, :
                              :
              Respondents     :

## MEMORANDUM

Petitioner Benjamin Lawrence ("Lawrence") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction

imposed in the Court of Common Pleas of Wyoming County, Pennsylvania.  (Doc. 1).  For

the reasons discussed below, the Court will dismiss the petition as untimely.

## I.    Background

On December 23, 2015, following a jury trial, Lawrence was found guilty of multiple

sexual assaults committed against his two minor stepdaughters.  (*See* Doc. 15, at 12-13,

*Commonwealth v. Lawrence*, 281 MDA 2017 (Pa. Super.)).  On April 11, 2016, the trial

court sentenced Lawrence to an aggregate term of 120 to 240 months of incarceration.

(*See id.*).  Lawrence filed a direct appeal.  (*See id.*).  On January 23, 2018, the

Pennsylvania Superior Court affirmed the conviction but vacated Lawrence's sentence and

remanded for the trial court to resentence him without considering the mandatory

minimums.  *Commonwealth v. Lawrence*, 183 A.3d 1081, 281 MDA 2017, 2018 WL 507091

(Pa. Super. 2018).  Lawrence sought review with the Pennsylvania Supreme Court.  (*See* Doc. 15, at 26, *Commonwealth v. Lawrence*, 192 A.3d 1109, 128 MAL 2018 (Pa. 2018)). On August 29, 2018, the Pennsylvania Supreme Court denied Lawrence's petition for allowance of appeal.  (*Id.*).

On October 5, 2018, the trial court resentenced Lawrence to the same term of incarceration but did not invoke the mandatory minimum sentences.  (*See* Doc. 15, at 29, *Commonwealth v. Lawrence*, 1913 MDA 2018 (Pa. Super.)).  Lawrence filed a timely appeal to the Pennsylvania Superior Court.  (*See id.*).  On July 16, 2019, the Pennsylvania Superior Court affirmed the judgment of sentence.  *See Commonwealth v. Lawrence*, 1913 MDA 2018, 2019 WL 3206965 (Pa. Super. 2019).  Lawrence did not seek further review with the Pennsylvania Supreme Court.

On July 30, 2020, Lawrence filed his first petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  (*See* Doc. 15, at 37, *Commonwealth v. Lawrence*, 1198 MDA 2020 (Pa. Super.)).  On August 17, 2020, the PCRA court denied the first PCRA petition as untimely.  (*See id.*).  Lawrence filed an appeal to the Pennsylvania Superior Court.  (*See id.*).  On August 19, 2021, the Superior Court concluded that Lawrence timely filed his PCRA petition, reversed the PCRA court's order, and remanded for further proceedings.  *Commonwealth v. Lawrence*, 262 A.3d 545, 1198 MDA 2020, 2021 WL 3674367 (Pa. Super. 2021).

On April 10, 2023, Lawrence filed an amended PCRA petition.  (*See* Doc. 15, at 45, *Commonwealth v. Lawrence*, 966 MDA 2023 (Pa. Super.)).  On June 16, 2023, the PCRA court denied the amended petition.  (*See id.* at 46; Doc. 15, at 117-123).  Lawrence filed a timely appeal to the Pennsylvania Superior Court.  (*See* Doc. 15, at 46, 124).  On May 30, 2024, the Superior Court affirmed the PCRA court's order denying the amended petition.  *Commonwealth v. Lawrence*, 321 A.3d 989, 966 MDA 2023, 2024 WL 2781984 (Pa. Super. 2024).  Lawrence did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 3, 2025, Lawrence filed the instant federal habeas petition.[1]  (Doc. 1).  Respondents filed a response seeking dismissal of the petition as untimely.  (Doc. 15).  The petition is ripe for resolution.

## II.    **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state

---

[1]    Under the prisoner mailbox rule, the Court deems the petition filed on June 3, 2025, the date Lawrence signed it.  *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of

limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>
>> (A)  the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>
>> (B)  the date on which the impediment to filing an application created
>> by State action in violation of the Constitution or laws of the United
>> States is removed, if the applicant was prevented from filing by
>> such State action;
>
>> (C)  the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>
>> (D)  the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Under the

plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until

appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264

F.3d 310, 314 (3d Cir. 2001).

Lawrence was resentenced on October 5, 2018.  He filed a direct appeal, and, on

July 16, 2019, the Pennsylvania Superior Court affirmed the judgment of sentence.

Lawrence's judgment of sentence became final on August 15, 2019, at the expiration of the

30-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme

Court.  *See* Pa.R.A.P. § 1113(a); 42 Pa.C.S.A. § 9545(b)(3).  The one-year period for the

statute of limitations commenced running as of that date.  Thus, the AEDPA statute of

limitations under § 2254(d)(1)(A) expired on August 17, 2020.  However, Lawrence did not

file the instant habeas petition until June 3, 2025, almost five years after the expiration of

the statute of limitations.  Therefore, the habeas petition must be dismissed unless the

statute of limitations was subject to statutory or equitable tolling.

A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for

the period of time when properly filed state post-conviction proceedings are pending in any

state court.  *See* 28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on

August 15, 2019 and, absent any tolling, would expire on or about August 17, 2020.

However, pursuant to 28 U.S.C. § 2244(d)(2), when Lawrence filed his first PCRA petition

on July 31, 2020, the AEDPA's filing period was statutorily tolled.  As of July 31, 2020, 351

days of the one-year filing period had elapsed.  Thus, there were 14 days of the one-year

filing period remaining.

5

The statute remained tolled until the conclusion of the PCRA proceedings—June 29, 2024, at the expiration of the 30-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court.  On June 29, 2024, the statute began running again, and the 14 days remaining in which to file his federal habeas petition expired on July 15, 2024. As a result, absent equitable tolling or the applicability of the actual innocence exception, Lawrence's habeas petition filed on June 3, 2025, is nearly one year late.

    B.    <u>Equitable Tolling</u>

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have

acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Applying this exacting standard, courts have held that: "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); *Taliani v. Chrans*,

7

189 F.3d 597 (9th Cir. 1999) (finding lawyer's inadequate research, which led to
miscalculating the deadline, did not warrant equitable tolling)).

Here, Lawrence admits that his federal habeas petition is untimely. (Doc. 1, at 14,
16). Lawrence has not provided sufficient grounds for equitable tolling of the limitations
period. It is incumbent upon Lawrence to establish that "the petitioner has 'in some
*extraordinary way*...been prevented from asserting his or her rights.'" *Miller v. New Jersey
State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (citations omitted) (emphasis
added).

Lawrence alleges that he was subjected to ineffective assistance of PCRA counsel
because they allegedly advised him that "he had 1 additional year of time to file this habeas
appeal" i.e., "until May 30, 2025." (Doc. 1, at 14, 16; Doc. 24, at 1-2). Lawrence further
states that he became aware of his attorneys' alleged misrepresentation two months prior to
filing his habeas petition—in approximately April of 2025. (Doc. 1, at 14). Unfortunately for
Lawrence, his PCRA counsels' error is not considered an extraordinary circumstance. *See
Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("attorney miscalculation is simply not
sufficient to warrant equitable tolling, particularly in the postconviction context where
prisoners have no constitutional right to counsel"); *Fahy*, 240 F.3d at 244 ("[i]n non-capital
cases, attorney error, miscalculation, inadequate research, or other mistakes have not been
found to rise to the 'extraordinary' circumstances required for equitable tolling").

Regardless of counsels' performance, Lawrence is required to exercise due diligence throughout the period he seeks to toll.  *See Schlueter v. Varner*, 384 F.3d 69, 77-78 (3d Cir. 2004) (petitioner must exercise diligence even when there is attorney malfeasance); *see also LaCava*, 398 F.3d at 277 (petitioner must exercise reasonable diligence and attorney failure to inform petitioner of court decision does not rise to "extraordinary" circumstances warranting equitable tolling).  The Court simply cannot conclude that Lawrence diligently pursued his rights.  Initially, he allowed 351 days to pass before pursuing PCRA relief.  Then, even assuming that PCRA counsel advised Lawrence that he had until May 30, 2025 to file his federal habeas petition, Lawrence still missed this erroneous deadline and filed the instant petition after May 30, 2025 (despite being aware of the erroneous deadline).  At the time that Lawrence filed his federal habeas petition, all days of the federal statute of limitations had run.  Lawrence has failed to demonstrate the requisite due diligence.

Moreover, ignorance of the law is not enough to invoke equitable tolling.  *See Merritt*, 326 F.3d at 170 (no equitable tolling based on petitioner's confusion regarding law); *see also Jones*, 195 F.3d at 160 (petitioner's "misunderstanding…is insufficient to excuse his failure to comply with the statute of limitations")*; School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) (rejecting ignorance of law as basis for equitable tolling).  Lawrence's ignorance of the law cannot serve as a basis for equitably tolling § 2244(1)'s limitations period in this case.

For the foregoing reasons, there is no equitable basis to toll the limitations period. Therefore, absent a showing of actual innocence, Lawrence's habeas petition is untimely.

C.    Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome the habeas limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert such claim, "[un]explained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 385; *see also Schlup*, 513 U.S. at 332 ("[a] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of…evidence [of actual innocence]").

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).

Lawrence will only overcome his time-barred petition if he can make a credible "showing of actual innocence" under *McQuiggin*. Lawrence has presented no new evidence of innocence which makes this case the rare case involving extraordinary circumstances. Instead, Lawrence argues that an "after hours hearing was held by the trial judge, DA, and defendant[']s counsel" without his knowledge. (Doc. 1, at 7; Doc. 24, at 2). Because he was unaware of this hearing, Lawrence argues that he was "deceived." (Doc. 1, at 7).

Lawrence fails to provide new, reliable exculpatory evidence to support an actual innocence claim, nor does he explain how the "after hours hearing" constitutes new, reliable evidence of factual innocence. The evidence identified by Lawrence—the "after hours hearing"—does not qualify as new, reliable evidence under *Schlup* because it was available to Lawrence's counsel at the time of trial, as counsel was a participant in the hearing. The Court is not persuaded "that, in light of the new evidence, no juror, acting reasonably, would have voted to find [Lawrence] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *McQuiggin*, 569 U.S. at 386. As a result, Lawrence has failed to make a gateway claim of actual innocence to overcome the untimeliness of his petition.

## III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA should
> issue when the prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lawrence failed to demonstrate that a

certificate of appealability should issue.

## IV.    Conclusion

The Court will dismiss Lawrence's petition (Doc. 1) for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue. A

separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: September 22, 2025